OPINION
{¶ 1} Defendant-appellant T.R. McClanahan appeals the October 18, 2002 Judgment Entry of the Massillon Municipal Court which entered judgment in favor of plaintiff-appellee Tammy Shaw in the amount of $1,000, plus court costs and interest.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In September, 2000, appellee contacted appellant to perform an appraisal for a property on U.S. Rt. 250 in Strasburg, Ohio. Appellee wanted the appraisal so she could secure a loan to purchase the property. Because the property had a tax lien, appellee needed the appraisal to conduct negotiations with the IRS and to secure a loan on the property.
 {¶ 3} Appellant went to the site of the property with appellee for physical inspection. The parties also met on at least one other occasion to discuss the appraisal. After numerous phone calls from appellee to appellant requesting the written appraisal, appellant finally responded and requested payment of $1,400. On December 8, 2000, appellee paid appellant $1,400 for the appraisal. As of the date of trial, appellant had failed to produce any written appraisal of the property.
 {¶ 4} At trial, appellant maintained the parties entered into an agreement not for an appraisal, but for a feasibility study. It was appellant's position appellee wanted the feasibility study to determine whether it would be economical to place storage units on a certain property in Tuscarawas County, Ohio. It is not entirely clear from appellant's trial testimony where this property was located, although appellant's proposed findings of fact and conclusions of law states that the property in question was on Rt. 21 in Franklin Township, Tuscarawas County, Ohio. Appellant maintained at trial appellee agreed to pay him $1,200 to conduct this study. Appellant testified he researched the property and various comparable storage unit properties. Appellant testified he sent his associate, Sean Tobin, to collect the money owed for the study on October 1, 2000. At that time, appellee refused to pay any fee.
 {¶ 5} In late October 2000, appellee fired appellant, and attempted to obtain appraisal services from another appraiser. When appellee was unable to hire another commercial appraiser, she recontacted appellant to complete the appraisal. Although not entirely clear from the testimony at trial, appellant appeared to maintain he would not perform an appraisal until his previous bill had been paid, plus $400 for additional work and data compiled by appellant. Appellant never provided an appraisal or written report which might constitute a feasibility study. At trial, appellant testified he gave appellee an oral report constituting the feasibility study.
 {¶ 6} After hearing the evidence, the trial court ordered each party to submit proposed findings of fact and conclusions of law.
 {¶ 7} In an October 18, 2002 Judgment Entry, the trial court entered judgment in favor of appellee and against appellant in the amount of $1,000, plus court costs and interest at a rate of 8% per annum from September 30, 2002 until the date paid.
 {¶ 8} It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 {¶ 9} "I. THE TRIAL COURT COMMITTED ERROR IN FINDING THE VALUE OF SERVICES PROVIDED BY APPELLANT WAS ONLY IN THE AMOUNT OF FOUR HUNDRED DOLLARS.
 {¶ 10} "II. THE TRIAL COURT COMMITTED ERROR AND ABUSED ITS DISCRETION IN AWARDING DAMAGES TO THE PLAINTIFF EVEN THOUGH A FEASIBILITY STUDY WAS PERFORMED BY DEFENDANT/APPELLANT AND ORALLY SUBMITTED TO PLAINTIFF."
 I, II {¶ 11} In each of appellant's assignments of error, he attacks the trial court's findings of fact. In appellant's first assignment of error, he maintains the trial court erred in finding the value of the services he provided to appellee was worth only $400. In appellant's second assignment of error, he maintains the trial court erred in determining any damages were warranted because he had performed the feasibility study requested by appellee. We disagree with appellant's contentions.
 {¶ 12} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 13} Appellant first argues the value of the services he performed was far in excess of the $400 he was actually credited. However, the trial court heard testimony appellant and appellee agreed to a price for an appraisal. Appellant performed certain background services and conducted background research, but never prepared a written report of any kind. In his brief to this Court, appellant argues he did present appellee with an oral feasibility study. However, it is clear the trial court believed the agreement was for a written appraisal. While appellee may have performed valuable services for appellant, the trial court did not find appellee met his contractual obligations. Because the trial court was in the best position to assess the credibility of the witnesses, we find the trial court's judgment was supported by competent, credible evidence.
 {¶ 14} Appellant presented a document entitled "Contractual Conditions." The document, drafted by appellee, does not clearly set forth the obligations of the parties. Accordingly, the only testimony of the obligations of the parties before the trial court was the testimony of appellant and appellee. Because the trial court heard evidence from appellee she paid appellant to perform a written appraisal, the trial court's decision was supported by the manifest weight of the evidence.
 {¶ 15} Appellant's first and second assignments of error are overruled.
 {¶ 16} The October 18, 2002 Judgment Entry of the Massillon Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment Entry of the Massillon Municipal Court is affirmed. Costs assessed to appellant.